IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN STANCU, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-2276-G-BN |
| | § | |
| THE HIGHLAND HILTON, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* plaintiff John Stancu returns to federal court to bring claims under the Americans with Disabilities Act (the "ADA") for discrimination and retaliation, claims that are related to a lawsuit he filed in this district in 2023, a lawsuit that was then dismissed in June 2024. *See* Dkt. No. 3; *Stancu v. Highland Hilton/HEI Hotels & Resorts*, No. 3:23-cv-894-L-BT, 2024 WL 3166447 (N.D. Tex. June 6, 2024), *rec. accepted*, 2024 WL 3172717 (N.D. Tex. June 24, 2024), *aff'd*, 2025 WL 502079 (5th Cir. Feb. 14, 2025) (the "2023 Lawsuit"); *cf. Stancu v. Hyatt Corp./Hyatt Regency Dall.*, 791 F. App'x 446, 447 (5th Cir. 2019) (per curiam) (observing more than six years ago that, "[h]aving filed about twenty lawsuits in the past thirty years," Stancu is "a prolific *pro se* litigant").

Senior United States District Judge A. Joe Fish referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Defendant HEI Hotels & Resorts ("HEI") moved to dismiss Stancu's claims

against it under Federal Rule of Civil Procedure 12(b)(6) on grounds including that Stancu's current claims are barred by the 2023 Lawsuit and that, to the extent they are not, those claims are unexhausted and now time barred. *See* Dkt. No. 12.

Stancu responded. *See* Dkt. No. 14. And HEI replied. *See* Dkt. No. 15.

And, for the reasons and to the extent set out below, the Court should grant HEI's motion.

## Legal Standards

Under the established principle of res judicata, "a judgment, valid on its face, cannot, in the absence of fraud in its procurement, be collaterally attacked as to mere errors or irregularities committed by the court in the exercise of its jurisdiction or in the course of the proceedings even though errors and irregularities may appear on the face of the record." *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 466 (5th Cir. 2013) (quoting *Iselin v. Meng*, 307 F.2d 455, 457 (5th Cir. 1962) (in turn quoting *Iselin v. La Coste*, 147 F.2d 791, 794 (5th Cir. 1945))).

Its application therefore "does not depend upon whether or not the prior judgment was right." *Id.* (quoting *Meng*, 307 F.2d at 457 (in turn quoting *Rubens v. Ellis*, 202 F.2d 415, 418 (5th Cir. 1953)); citations omitted).

This broad principle

> encompasses two separate but linked preclusive doctrines: (1) true res judicata or claim preclusion and (2) collateral estoppel or issue preclusion." *Comer*, 718 F.3d at 466-67 (quoting *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005)). True res judicata "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit," *Test Masters*, 428 F.3d at 571, while collateral estoppel "precludes relitigation of only those issues actually litigated in the original action, whether or not the second suit is based

> on the same cause of action," *Moch v. E. Baton Rouge Par. Sch. Bd.*, 548 F.2d 594, 596 (5th Cir. 1977); *see also Allen v. McCurry*, 449 U.S. 90, 94 (1980).

*Hous. Prof'l Towing Ass'n v. City of Hous.*, 812 F.3d 443, 447 (5th Cir. 2016) (cleaned up); *accord Avondale Shipyards, Inc. v. Insured Lloyd's*, 786 F.2d 1265, 1269 n.3 (5th Cir. 1986) ("[R]es judicata, as the term is sometimes sweepingly used embraces both claim preclusion or true res judicata and collateral estoppel or issue preclusion." (cleaned up)).

And, "if a res judicata or collateral estoppel defense is established on the face of [a] complaint, it is a proper ground for dismissal" under Rule 12(b)(6). *Rolls-Royce Corp v. Heros, Inc.*, 576 F. Supp. 2d 765, 774 (N.D. Tex. 2008); *cf. McIntyre v. Ben E. Keith Co.*, 754 F. App'x 262, 264-65 (5th Cir. 2018) (per curiam) ("Generally, res judicata must be pled as an affirmative defense" under Federal Rule of Civil Procedure 8(c)(1), but the first of "two limited exceptions" to this rule applies here, an exception that "permits '[d]ismissal by the court sua sponte on res judicata grounds ... in the interest of judicial economy where both actions were brought before the same court.'" (quoting *Mowbray v. Cameron Cnty.*, 274 F.3d 269, 281 (5th Cir. 2001))).

The purpose of exhaustion "is to facilitate the administrative agency's investigation and conciliatory functions and to recognize its role as primary enforcer of anti-discrimination laws." *Davis v. Fort Bend Cnty.*, 893 F.3d 300, 307 (5th Cir. 2019) (quoting *Filer v. Donley*, 690 F.3d 643, 647 (5th Cir. 2012)).

Administrative exhaustion therefore "provides an opportunity for voluntary compliance before a civil action is instituted." *Id.*; *c.f., e.g., Ernst v. Methodist Hosp. Sys.*, 1 F.4th 333, 337 (5th Cir. 2021) ("To exhaust, a plaintiff must file a timely charge

with the EEOC and then receive a notice of the right to sue." (citation omitted)).

But these "charge-filing instruction[s are] not jurisdictional.... [Instead,] they are properly ranked among the array of claim-processing rules that must be timely raised to come into play." *Fort Bend Cnty., Tex. v. Davis*, 587 U.S. 541, 543-44 (2019).

That is, "[f]ailure to exhaust is an affirmative defense that should be pleaded." *Davis*, 893 F.3d at 307 (citations omitted).

Limitations is too. *See Clemmer v. Irving Indep. Sch. Dist.*, No. 3:13-cv-4997-D, 2015 WL 1757358, at *2 (N.D. Tex. Apr. 17, 2015) (citing *Adams v. Cedar Hill Indep. Sch. Dist.*, No. 3:13-cv-2598-D, 2014 WL 66488, at *2 (N.D. Tex. Jan. 8, 2014)).

And, "[t]o obtain a Rule 12(b)(6) dismissal based on an affirmative defense, the successful affirmative defense must appear clearly on the face of the pleadings." *Taylor v. Lear Corp.*, No. 3:16-cv-3341-D, 2017 WL 6209031, at *2 (N.D. Tex. Dec. 8, 2017) (cleaned up).

"Stated another way, the defendant is not entitled to dismissal under" the Rule 12(b)(6) standards "unless the plaintiff has pleaded herself out of court by admitting to all of the elements of the defense." *Clemmer*, 2015 WL 1757358, at *2 (cleaned up).

**Analysis**

Starting with the 2023 Lawsuit,

> Stancu began working for HEI as a maintenance engineer in Dallas, Texas in October 2022 and was injured when another hotel employee allegedly crashed into him with a laundry cart. Stancu filed suit in April 2023, alleging that HEI violated the Americans with Disabilities Act by discriminating against him when it denied several requests for reasonable accommodations and by retaliating against him. After allowing Stancu the opportunity to amend his initial complaint, the district court granted HEI's Rule 12(b)(6) motion to dismiss, finding that

> he failed to state a claim and that further amendment was futile. Stancu appeal[ed, and the United States Court of Appeals for the Fifth Circuit affirmed] the district court's judgment.

*Stancu*, 2025 WL 502079, at *1.

"Res judicata bars the litigation of claims that either have been litigated or should have been raised in an earlier suit" only where, under "the 'transactional test,'" "the claims in the second suit arise from the 'same nucleus of operative facts' as the prior claims." *Clyce v. Farley*, 836 F. App'x 262, 268 (5th Cir. 2020) (per curiam) (citing *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005); *OJSC Ukrnafta v. Carpatsky Petroleum Corp.*, 957 F.3d 487, 504 (5th Cir. 2020)).

That is, "[t]he transactional test asks whether the facts in the two suits are related in time, space, origin, or motivation, whether they form a convenient trial unit, in short, whether they are based on the same nucleus of operative facts." *Angell v. GEICO Advantage Ins. Co.*, 67 F.4th 727, 737 (5th Cir. 2023) (cleaned up).

"Under the transactional test, it does not matter that the plaintiff asserts different causes of action or theories of recovery in the subsequent case, but only whether they arise out of the same nucleus of operative facts," so, "[a]s the Fifth Circuit put it in *Test Masters*, '[i]f a party can only win the suit by convincing the court that the prior judgment was in error, the second suit is barred.'" *Guzman v. City of Hous.*, No. 4:24-CV-0419, 2025 WL 816684, at *3 (S.D. Tex. Feb. 19, 2025) (quoting *Test Masters*, 428 F.3d at 571), *rec. adopted*, 2025 WL 816682 (S.D. Tex. Mar. 13, 2025).

As most of the events specified in the complaint occurred after the district court dismissed the 2023 Lawsuit, in June 2024, *see* 2024 WL 3172717; Dkt. No. 3 at 3-7

(alleging events from September 18, 2024 through August 1, 2025), it's doubtful that that suit and this one are based on the same nucleus of operative facts, such that the transactional test is met – or more accurately, it has not been shown that the affirmative defense of res judicata appears on the face of Stancu's complaint such that dismissal under Rule 12(b)(6) based on this defense is proper, *cf. ASARCO, L.L.C. v. Mont. Res., Inc.*, 858 F.3d 949, 957 (5th Cir. 2017) ("At the time of the adversary proceeding, ASARCO had not tendered the cure and MRI had not rejected it. Additional events needed to take place before the breach of contract claim could be asserted. The current contract claim thus does not arise from the same facts as the claims asserted in the adversary proceeding as it depends on events that took place later.").

But that's not the case as to exhaustion, at least as to HEI.

Attached to the complaint – and thus made part of his pleadings – is a charge of discrimination that Stancu filed on August 5, 2025. *See* Dkt. No. 3 at 14-15 (naming "The Highland Dallas by Hilton" as Stancu's employer); *see also id.* at 13 (right-to-sue letter corresponding to this charge, issued on August 19, 2025); *Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504, 511 (11th Cir. 2019) ("The Civil Rules provide that an attachment to a complaint generally becomes 'part of the pleading for all purposes,' including for ruling on a motion to dismiss." (quoting FED. R. CIV. P. 10(c); citations omitted)).

HEI argues that, because Stancu failed to name it in the EEOC charge, he has not exhausted his claims as against HEI, so dismissal is required.

"Typically, 'a party not named in an EEOC charge may not be sued under Title VII.'" *Mace v. Republic Health Corp. of Rockwall Cnty.*, No. 3:21-cv-1709-M, 2022 WL 2918107, at *5 (N.D. Tex. July 25, 2022) (quoting *Way v. Mueller Brass Co.*, 840 F.2d 303, 307 (5th Cir. 1988)); *West v. R&K Enters. Solutions*, No. 3:23-cv-1371-G-BN, 2024 WL 3891533, at *9 (N.D. Tex. July 19, 2024) (recognizing the same as to the ADA), *rec. accepted*, 2024 WL 3891838 (N.D. Tex. Aug. 21, 2024); *cf. January v. Tex. Dep't of Crim. Justice*, 760 F. App'x 296, 299 (5th Cir. 2019) (per curiam) (noting that the rules as to administrative exhaustion apply equally to claims under Title VII, the ADA, and the ADEA).

"Generally, a claimant may sue an unnamed party only if it is legally identical to the party sued, or if the unnamed party 'unfairly prevented the filing of an EEOC charge.'" *Mace*, 2022 WL 2918107, at *5 (quoting *Way*, 840 F.2d at 307).

And "[t]he Fifth Circuit recognizes two exceptions to the named-party requirement: first, where the party that appeared before the EEOC adequately represented the unnamed party's interests, which is called the 'identity-of-interest" exception; and second, where there was actual notice to such a party." *Id.* (citing *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 482-83 (5th Cir. 2014)); *accord Martin v. Orbital Energy Grp., Inc.*, No. 3:22-cv-1968-B, 2023 WL 4533926, at *3-*4 (N.D. Tex. July 12, 2023).

Stancu alleges no facts to support either exception and fails to address this naming requirement or the exceptions to it in his response to the motion to dismiss.

Instead, Stancu alleges facts – and attaches documents to his complaint – that

raise a reasonable inference that the hotel where he worked was owned and operated by an entity other than HEI when he filed the EEOC charge and that he had notice of this change prior to filing the charge. *See, e.g.*, Dkt. No. 3 at 2 (alleging in the complaint filed on August 25, less than 3 weeks after he filed the EEOC charge, that "[t]he hotel is managed now by Davidson Hospitality Group, who is one of the defendants"); *id.* at 5 (alleging that he was "asked [ ] to sign a document titled 'Davidson Hospitality Group Media Policy'" in April 2025); *id.* at 21-22 (the same document signed by Stancu on April 28, 2025); *id.* at 29 (June 6, 2025 letter from Unum, stating that "Unum works with Davidson Hotel Company LLC to administer family and medical leaves").

The Court should therefore dismiss the claims against HEI for Stancu's failure to exhaust.

And, unless Stancu shows through objections to these findings, conclusions, and recommendation a basis why the Court should not do so – for example grounds for equitable tolling – the Court should dismiss those claims with prejudice.

"In Texas, which has a state fair employment agency … that has a work-sharing agreement with the EEOC, a Title VII plaintiff must file a charge of discrimination with the EEOC within 300 days of the alleged discriminatory act." *Doe v. Univ. of Tex. M.D. Anderson Cancer Ctr.*, 653 F. Supp. 3d 359, 371 (S.D. Tex. 2023) (citing *Davis*, 587 U.S. at 544).

"The time period generally begins to run when the employee receives notice of the allegedly discriminatory decision, not when the employment actually ceases." *Id.*

(quoting *Conaway v. Control Data Corp.*, 955 F.2d 358, 362 (5th Cir. 1992)).

So Stancu may not now timely exhaust his claims against HEI. *See, e.g.*, *Hill v. AER Mfg.*, No. 3:25-cv-1932-G-BN, 2025 WL 3144978, at *6 (N.D. Tex. Oct. 9, 2025) ("[B]ecause Hill did not exhaust his ADEA claims and it is now more than 300 days after Hill's October 9, 2023 termination, he may not now timely exhaust a claim under the ADEA, as a plaintiff generally may only bring wrongful-employment-practice claims within 300 days 'of the alleged unlawful act.'" (quoting *Ikossi-Anastasiou v. Bd. of Supervisors of La. State Univ.*, 579 F.3d 546, 549 (5th Cir. 2009); citing *Clark v. Champion Nat'l Sec., Inc.*, 952 F.3d 570, 586 n.5 (5th Cir. 2020) ("A charge filed with the EEOC, more than 180 days after the occurrence of an alleged unlawful employment practice under [the Texas analogue to Title VII], is subject to dismissal as time-barred." (cleaned up)); citation omitted)), *rec. accepted*, 2025 WL 3143301 (N.D. Tex. Nov. 10, 2025).

**Recommendation**

The Court should grant Defendant HEI Hotels & Resorts's motion to dismiss under Federal Rule of Civi Procedure 12(b)(6) [Dkt. No. 12] to the extent that it should dismiss Plaintiff John Stancu's claims against this defendant as unexhausted and, unless Stancu can, through timely objections to this recommendation, show a basis under which his failure to timely exhaust these claims may be excused, the Court should dismiss these claims with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 20, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE